IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH J. MITAN** <br> *Plaintiff* <br><br> v. <br><br> **UNITED STATES POSTAL INSPECTION SERVICE, GEORGE P. CLARK, Individually and in His Official Capacity of Postal Inspector, RICHARD E. DECKARD, and RANATTA S. RAPER** <br> *Defendants* | **CIVIL ACTION** <br><br> **NO. 12-6408** |

NITZA I. QUIÑONES ALEJANDRO                                      November 21, 2013

## MEMORANDUM OPINION and ORDER

### INTRODUCTION

Keith J. Mitan (Plaintiff), filed a *pro se* civil action on September 16, 2011, in the United States District Court for the Southern District of Indiana captioned *Mitan v. USPIS, et al.*, CIV.A. 11-1260, S.D. Ind. On April 3, 2012, Plaintiff filed an amended complaint which implicated the United States Postal Inspection Service and an employee in an alleged conspiracy to violate Plaintiff's Fourth Amendment rights and to refuse to return certain personal property. That matter was transferred to this court and assigned a new civil action number, *i.e.,* 12-6408.[1] This Court has jurisdiction pursuant to 28 U.S.C. §§ 1346(b)(1) and 1331.

Before this Court are the following: Defendants United States Postal Inspection Service ("USPIS") and George P. Clark's ("Clark") *motion to dismiss* the amended complaint [ECF 4],

---

[1] On July 13, 2012, a stipulation was entered dismissing Defendants Richard E. Deckard and Ranatta Raper only. On July 25, 2012, the remaining Defendants (United States Postal Inspection Service and George P. Clark) filed a motion to transfer venue and a motion to stay. By Order dated November 9, 2012, the motions were granted and the matter was transferred to the United States District Court for the Eastern District of Pennsylvania.

Plaintiff's response thereto [ECF 11], Defendants' reply [ECF 12], Plaintiff's sur-reply and the supplemental memorandum [ECF 13,14, respectively], and the amended complaint.

For the reasons stated herein, Defendants' motion to dismiss is granted.[2]

## BACKGROUND

When considering Defendants' *motion to dismiss* and the related pleadings filed, this Court accepts as true all facts alleged in Plaintiff's amended complaint, which are summarized as follows:[3]

    On March 10, 2001, Plaintiff's brother, Kenneth Mitan, in his individual capacity and as an agent of Mitan Estates, Inc. ("MEI"), entered into a contract agreement to purchase real estate property ("Real Property") identified as 3230 North Reba Court, Bloomington, Indiana, from Defendants Richard E. Deckard and Ranatta S. Raper, agents of the Richard E. Deckard Family Limited Partnership #206 ("the Partnership").[4] Am. Compl. ¶¶ 7-9.

    On January 12, 2009, the Partnership commenced an action in Monroe Circuit Court, Indiana, against Kenneth Mitan for breach of the conditional sales agreement for the Real Property, seeking forfeiture and/or foreclosure.[5] *Id.* ¶ 11. On September 17, 2009, a judge of a circuit court entered an order granting the Partnership's motion for summary judgment and awarded it "full legal and equitable title to the real estate and personal property therein". *Id.* ¶ 14.[6]

    On October 1, 2009, Defendants Deckard and Raper provided Defendant Clark, a postal inspector employed at Defendant United States Postal Inspection Service, access to the Real Property and the personal property. *Id.* ¶ 15. Defendant Clark assumed possession of the personal property. *Id.* ¶ 17. The amended complaint further avers that Defendants Deckard and Raper knew that the

---

[2] By letter request dated August 6, 2013, from the government's counsel, this Court entered an order cancelling a scheduled preliminary pretrial conference and staying all discovery pending the disposition of the *motion to dismiss* [ECF 17].

[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[4] In their motion to dismiss, Defendants refer to the sellers as the "Richard E. Deckard Family Trust", or Trust.

[5] The amended complaint alleges that Kenneth Mitan filed a Chapter 11 bankruptcy petition on May 20, 2003, and an automatic stay was issued. ¶ 10. The amended complaint does not specify in which district the bankruptcy petition was filed.

[6] *See also* ECF 4, Exhibit 1.

personal property they gave Defendant Clark access to included property that belonged to Plaintiff, some of which was subject to the attorney-client privilege. *Id.* ¶¶ 16, 18.

**STANDARD OF REVIEW**

Defendants filed the motion to dismiss pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6). Specifically, Rule 12(b)(1) provides that a defendant may move to dismiss an action if the court lacks subject matter jurisdiction over the complaint. Under this rule, dismissal is warranted if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Moyer Packing Co. v. United States*, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008) (citing *Gould Electronics Inc. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991) (quotations omitted)).

Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial, by attacking the complaint itself, or factual, by contesting the existence of subject matter jurisdiction, apart from any pleadings. *Gould Electronics Inc.*, 220 F.3d at 176; *Mortensen v. First. Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). With a facial challenge, the court must accept the allegations in the complaint and consider them in the light most favorable to the non-moving party. *Gould Electronics Inc.*, 220 F.3d at 176.

Defendants' facial challenge to the amended complaint under Rule 12(b)(1) is similar to their Rule 12(b)(6) challenge which argues for the dismissal of the complaint for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). When deciding a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). To withstand a Rule 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Phillips,* 515 F.3d at 232 (quoting *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1965 & n. 3). This standard "simply calls for enough facts [asserted taken as true] to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips,* 515 F.3d at 234 (quoting *Twombly,* 550 U.S. at 555, 127 S. Ct. at 1965).

## DISCUSSION

Defendants' motion to dismiss involves Counts I, and III-IV, which relate primarily to acts by Defendants, a federal agency and its employee and, therefore, fall within the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2679, ("FTCA").[7] Under the FTCA, a federal employee is absolutely immune from suit for common law claims of tortious conduct occurring within the scope of his/her employment. *Rashid v. Monteverde & Hemphill,* CIV.A. 95-2449, 1997 WL 360922, *5 (E.D. Pa. June 24, 1997); *Haas v. Barto,* 829 F. Supp. 729, 733 (M.D. Pa. 1993) (citing *United States v. Smith,* 499 U.S. 160, 166, 111 S. Ct. 1180 (1991)). In addition, under the FTCA, the United States, not the agency or employee, is the proper defendant. *Gagliardi v. United States,* CIV.A. 89-8859, 1991 WL 9361, *5 (E.D. Pa. Jan. 28, 1991) (citing *Morano v. United States Naval Hospital,* 437 F.2d 1009, 1010 n. 1 (3d Cir. 1971) (citations omitted)).

---

[7] Count II of Plaintiff's amended complaint is a claim for conversion. The allegations therein refer to actions of Defendants Deckard and Raper only. Since these individuals were dismissed from the complaint, with prejudice, Count II is also dismissed.

Count I of the amended complaint is identified as a replevin claim. A replevin claim is a common law tort action to recover personal property wrongfully taken. *See Kedra v. City of Philadelphia*, 454 F. Supp. 652, 669, n. 15 (E.D. Pa. 1978) (which determined that certain property actions, such as trover and replevin, denote all tort actions known to common law). In the motion to dismiss, Defendants argue that the personal property was obtained when the state court granted possession of the Real Property and the contents therein to the Partnership which, in turn, allowed Defendant Clark to detain the personal property requested. When assuming said possession, Defendant Clark was acting within the scope of his employment as a postal inspector and with the permission of the rightful legal title holder.

Although Plaintiff acknowledges that the Partnership gave Defendant Clark permission to access the personal property, he contends that the foreclosure action was improper. In the amended complaint, Plaintiff avers that Kenneth Mitan had filed bankruptcy on May 20, 2003, and that the Partnership did not obtain relief from the automatic stay prior to the circuit court entering an order granting full legal and equitable title to the real estate and personal property therein to the Partnership. The amended complaint further alleges that in 2010, the appellate court reversed the award of personal property. Notwithstanding the acknowledgement of these facts, Plaintiff argues that the search violated his reasonable expectation of privacy because it was conducted without a warrant, violated a constitutionally protected right, and is not a common law tort. By this argument, Plaintiff invokes the Postal Reorganization Act, 39 U.S.C § 101 *et seq.*, ("PRA"), which waives the immunity of the Postal Service from suit by giving it the power "to sue and be sued in its official name." 39 U.S.C. §§ 401(1), 409; *U.S. Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 741, 124 S. Ct. 1321, 1326 (2004); *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S. Ct. 1965, 1969 (1988).

Plaintiff's argument is mistaken and without merit. Case law and the provisions of the FTCA are unambiguous. If a suit is "cognizable" under § 1346(b) of the FTCA, its remedy is "exclusive" and a federal agency cannot be sued "in its own name," despite the existence of a sue-and-be-sued clause. *F.D.I.C. v. Meyer*, 510 U.S. 471, 476, 114 S. Ct. 996, 1001 (1994). Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable. *Meyer*, 510 U.S. at 477 (citing *Richards v. United States*, 369 U.S. 1, 6, 82 S. Ct. 585, 589 (1962)). "A claim comes within the court's jurisdictional grant—and thus is 'cognizable' under § 1346(b)—if it is actionable under § 1346(b). A claim is actionable under § 1346(b) if it alleges" claims that are: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b); *Richards*, 369 U.S. at 6, 82 S. Ct. at 589.[8]

As stated, a replevin is an action in tort. Based upon the facts asserted by Plaintiff, Defendant Clark obtained possession of the personal property by permission from the owner. This possession was legally authorized. Thus, in assuming possession of the property, Defendant Clark did not commit "any negligent or wrongful act or omission", thus, negating the fourth element of a cognizable § 1346(b) claim against the United States. All of these factors are required to have a claim be cognizable, thereby, waiving sovereign immunity under the FTCA.

---

[8] Because Plaintiff's claims fall within the provisions of the FTCA, it can only be maintained against the United States government. Therefore, Defendants USPIS and Clark are dismissed from this action, although reference to them will continue in this memorandum opinion.

Since Plaintiff cannot sustain a claim of negligent or wrongful act or omission against Defendants, immunity has not been waived under the FTCA.

In addition, Defendants argue that under the FTCA, this Court lacks jurisdiction over the replevin claim because Plaintiff has failed to exhaust his administrative remedies prior to filing suit. The FTCA provides that for a district court to have subject matter jurisdiction over a claim, an individual must first have presented a written notice of the administrative tort claim to the appropriate government agency and have had the claim "finally denied by the agency in writing." 28 U.S.C. § 2675(a); *Muhammad v. United States*, 884 F. Supp. 2d 306, 310 (E.D. Pa. 2012). This administrative exhaustion requirement is "jurisdictional and cannot be waived." *Muhammad*, 884 F. Supp. 2d at 310 (citing *Lightfoot v. United States,* 564 F.3d 625, 627 (3d Cir. 2009) (internal citation omitted)). The administrative claim must be presented within two years after such claim accrues. 28 U.S.C. § 2401(b). If the claim is denied in writing by the federal agency, the claimant has six months to bring a civil action in the district court. *Id.* §§ 2401(b), 2675(a). If the agency fails to make a decision within six months of the claimant presenting a claim, the claimant may treat this inaction as a final denial of the claim and proceed to court. *Id.* § 2675(a).

In response, Plaintiff admits that Defendant Clark detained or assumed possession of his personal property in 2009, and that on September 16, 2011, without having first presented written notice of an administrative tort claim against Defendant USPIS, he commenced a civil action in the Southern District of Indiana. Considering these admissions, this Court finds that Plaintiff failed to exhaust the administrative process prior to filing a lawsuit. Consequently, this Court is deprived of jurisdiction over the subject matter.

For the reasons stated, Count I of the amended complaint claim is dismissed.[9]

In Count III of the amended complaint, Plaintiff alleges that Defendant Clark, by virtue of federal authority, violated Plaintiff's federally protected right to be free from unreasonable search and seizure. Plaintiff further charges that the seizure was without a warrant. Defendants argue that to the extent this claim is brought against Defendant Clark in his official capacity, it should be dismissed on the basis of official immunity. Defendants also argue that this Court lacks subject matter jurisdiction. As elaborated below, this Court agrees.

As alleged, at the time the personal property was detained, Defendant Clark was a United States Postal Inspector, a federal employee, acting within the scope of his official duties. *See* Am. Compl. ¶¶ 3, 17. Under the circumstances and as stated, the proper party to this claim is the United States. Congress has never waived sovereign immunity for constitutional tort claims against the United States, its agencies or employees sued in their official capacity. *See FDIC*, 510 U.S. at 478; *Kentucky v. Graham*, 473 U.S. 159, 166-68, 105 S. Ct. 3099 (1985). In addition, Defendant Clark's official immunity falls within the waiver exemption of a law enforcement

---

[9] Plaintiff maintains that on November 4, 2010, the Court of Appeals of Indiana reversed, in part, the Monroe Circuit Court's order awarding full legal and equitable title of the Real Property and personal property therein to the Partnership. However, the Court of Appeals order reversed the Monroe Circuit Court's "award of all personal property and remand[ed] with instructions to award to the Partnership only that personal property specified by the contract as being included in the sale." Ct. App. Ind. Mem. 5. The decision indicates that the only items of personal property to be included in the forfeiture sale were the following: "dishwasher, disposal, alarm, 40 gallon gas water heater, and gas fireplace." *Id.* A review of the search warrant inventory, attached as an exhibit to Plaintiff's amended complaint, confirms that the personal property taken into possession by Defendant Clark were items that were *not* to be included in the forfeiture sale; *to wit*: "98 Cardboard Boxes of Documents"; "5 Plastic Crates of Documents"; "6 Plastic garbage Bags of Documents"; "1 Wire Basket of docs"; 2 Computer CPU"; "3 Sign Boards"; 3 Pieces of Luggage and a Briefcase"; "1 Premier Metal Box Circuit Board PIN #6600810"; "1 Suit case w/ video tapes"; "15 Cardboard Boxes of Videotapes"; "1 Box of Travel Books"; "1 Map with Pins". It would appear that Plaintiff's personal property is now being improperly held. However, without Plaintiff exhausting the administrative procedures and/or more information provided, this Court cannot rule on whether the personal property should be returned.

officer who detained goods. *See Feaster v. Federal Bureau of Prisons*, 366 Fed. Appx. 322, 323 (3d Cir. 2010) (citing *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 216, 227-28, 128 S. Ct. 831 (2008) (claims against corrections officers who are accused of mishandling an inmate's property fall within the FTCA's exception to the United States' waiver of sovereign immunity)). As alleged by Plaintiff, the undisputed facts indicate that at all times relevant to Plaintiff's claim, Defendant Clark was a law enforcement officer postal inspector employed by Defendant USPIS acting within the scope and course of his employment. Defendant Clark's actions fall within the waiver exemption of a law enforcement officer, and any claim against him in his official capacity is, therefore, dismissed.

Although in Count III Plaintiff claims a violation of his Fourth Amendment rights, based upon the facts alleged, these rights were never actually implicated. It is well-settled that the Fourth Amendment protects both property and privacy interests. *Eiland v. Jackson*, 34 Fed. Appx. 40, 41 (3d Cir. 2002) (citing *Soldal v. Cook County Illinois*, 506 U.S. 56, 63, 113 S. Ct. 538 (1992)). Fourth Amendment rights are personal rights and may not be vicariously asserted." *Id.* (citing *Brown v. United States*, 411 U.S. 223, 230, 93 S. Ct. 1565 (1973)). The capacity to claim the protection of the Fourth Amendment depends upon whether the person who claims the protection has a legitimate expectation of privacy in the invaded place. *See United States v. Correa*, 653 F.3d 187, 190 (3d Cir. 2011), *cert. denied*, 132 S.Ct. 1856 (2012) (citing *Minnesota v. Olson*, 495 U.S. 91, 95, 110 S. Ct. 1684 (1990)). Further, Fourth Amendment standing requires that an individual challenging the search have a reasonable objective expectation of privacy in said property and manifests a subjective expectation of privacy in the property searched. *Id.*

Determining whether a person has a "legitimate" or "reasonable" expectation of privacy in the place searched is a "fact-bound question," dependent upon the strength of interest in the property and the nature of control that the person exerts over it. *Eiland,* 34 Fed. Appx. at 41. (citing *United States v. Baker*, 221 F.3d 438, 442 (3d Cir. 2000)); *see also Rakas v. Illinois*, 439 U.S. 128, 143, n.12, 99 S. Ct. 421 (1978). Regarding the person's objective expectation, "we inquire whether the individual's expectation of privacy is 'one that society is prepared to recognize as reasonable.'" *Correa*, 653 F.3d at 190 (citing *Bond v. United States*, 529 U.S. 334, 338, 120 S. Ct. 1462 (2000) (quotation omitted)). As for the subjective expectation, "we ask whether the individual, by his conduct, has exhibited an actual expectation of privacy; that is, whether he has shown that 'he [sought] to preserve [something] as private.'" *Bond*, 529 U.S. at 338, 120 S. Ct. at 1465.

Under a fair reading of the amended complaint, Plaintiff has alleged that some of the personal property taken by Defendant Clark belonged to Plaintiff and contained attorney-client privileged information. Am. Compl. ¶ 18. However, the amended complaint also alleges that Plaintiff's brother, Kenneth Mitan, individually and as an agent of MEI, purchased in 2001 the Real Property from the Partnership,[10] and lost ownership and possession after a 2009 forfeiture action commenced by the Partnership. The amended complaint further alleges that a circuit court awarded the Partnership "full legal and equitable title to the real estate and personal property therein",[11] effectively divesting Kenneth Mitan of any legal interest in the real and/or personal property. Plaintiff has not pled that he had any legal interest in the real estate. Defendants Deckard and Raper, as agents of the Partnership, permitted Defendant Clark onto the real estate

---

[10] Am Compl. ¶¶ 8, 9.
[11] *Id.* ¶ 14

property and provided him access to the personal property.[12] Aside from the allegation that Plaintiff and Kenneth Mitan are siblings and that some of Plaintiff's personal property was taken, Plaintiff has not alleged any facts to support a claim of any purported reasonable expectation of privacy, either objective or subjective, that implicates a violation of the Fourth Amendment. To the contrary, Plaintiff has alleged that full and legal title to the property was awarded to the Partnership and that agents of the Partnership permitted Defendant Clark to enter onto *their* real property and take possession of the personal property. At the time, the Partnership had reason to believe that it owned the personal property pursuant to a court order. Under these alleged facts, Plaintiff could not have a reasonable expectation of privacy either in the real estate or in the personal property. Therefore, there was no unreasonable seizure of Plaintiff's property. Because there does not exist any conduct by Defendants that violated a clearly established constitutional right, Count III is dismissed.

Finally, at Count IV of the amended complaint, Plaintiff asserts a civil conspiracy claim based upon an alleged agreement between Defendant Clark and Defendants Deckard and Raper to wrongfully detain his personal property. Defendants move to dismiss this count arguing that Plaintiff has not alleged facts sufficient to show that any underlying wrong occurred.

A claim for civil conspiracy "requires that two or more people conspire to do an unlawful act." *Alpart v. Gen. Land Partners, Inc.*, 574 F. Supp. 2d 491, 506 (E.D. Pa. 2008) (citing *McGreevy v. Stroup*, 413 F.3d 359, 371 (3d Cir. 2005)); *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. 2004) (finding that in a claim for civil conspiracy, a plaintiff must establish that "two or more persons act[ed] with a common purpose to do an unlawful act or to do a lawful act by unlawful means ...."). A civil conspiracy claim also requires an underlying

---

[12] *Id.* ¶¶ 15, 17

tort. *Alpart*, 574 F. Supp. 2d at 506 (citing *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 405 (3d Cir. 2000)). "Once an underlying tort has been alleged, only a finding that the underlying tort has occurred" will support a claim for civil conspiracy. *Boyanowski*, 215 F.3d at 405.

As set forth above, this Court has dismissed the underlying torts on which Plaintiff has based his conspiracy claim. Consequently, Plaintiff's civil conspiracy claim is dismissed.

## CONCLUSION

For the reasons herein set forth, Defendants' *motion to dismiss* is granted. An appropriate order follows.

Nitza I. Quiñones Alejandro, J.